**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PLATTE RIVER INSURANCE COMPANY,**<br>         **Plaintiff,**<br><br>            v.<br><br>**JOSEPH P. MELVIN COMPANY, LLC,**<br>         **Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO. 20-3380** |

DuBois, J.                                                                                        November 16, 2020

**M E M O R A N D U M**

### I.     INTRODUCTION

In this tort suit plaintiff Platte River Insurance Company ("Platte River") asserts a negligent misrepresentation claim against defendant Joseph P. Melvin Company, LLC ("JPMC"), a professional accounting firm, for misstatements it made in a financial report prepared for M. Cohen and Sons, Inc. ("Cohen"). Platte River claims that it relied on JPMC's misrepresentations in deciding to issue a surety bond to Cohen and consequently suffered damages. Presently before the Court is Defendant's Motion to Dismiss. For the reasons set forth below, the Motion is denied.

### II.     BACKGROUND

The facts alleged in the Complaint, accepted as true for purposes of this Motion, are as follows. "Platte River is in the business of, among other things, issuing surety bonds in connection with public and private construction projects." Compl. ¶ 2. JPMC "provid[es] professional accounting services for various commercial clients, including construction contractors and specialty contractors." *Id*. ¶ 6. Cohen was one of JPMC's clients and was "in

the business of designing and installing custom metal staircases, railings, and other metalwork products for construction and renovation projects." *Id.* ¶ 7.

### A. The 2017 Financial Statement

"On or about May 25, 2018, JPMC issued a written Independent Auditor's Report together with, and with respect to, Cohen's financial statement and related schedules for the [years 2016 and 2017] (collectively, the '2017 Financial Statement')." *Id.* ¶ 10. Platte River alleges that "JPMC provided Cohen with the subject 2017 Financial Statement with the knowledge and intention that Cohen would provide it to Cohen's sureties, including Platte River, which would in turn justifiably rely upon it in evaluating and approving Cohen's requests for surety bonds and surety credit." *Id.* ¶ 15. Nevertheless, "JPMC failed to exercise reasonable care and competence in obtaining and communicating the information contained [therein]." *Id.* ¶ 36.

"[T]he 2017 Financial Statement represented, *inter alia*, that JPMC [ ] had conducted an audit [of Cohen's financial records] in accordance with generally accepted auditing standards ('GAAS')." *Id.* ¶ 11. Additionally, the 2017 Financial Statement "opined that the information in Cohen's financial statement and related schedules, presented fairly, in all material respects, the financial position of Cohen, in conformity with generally accepted accounting principles ('GAAP') [subject to certain qualifications]." *Id.* Notably, a work in progress schedule ("WIP") attached to the 2017 Financial Statement "reflected that Cohen's construction contracts, as well as its recently-completed construction contracts, had been and were expected to remain generally profitable . . . ." *Id.* ¶ 14.

## B. The Princeton Contract

"[O]n or about March 23, 2018, Cohen and W.S. Cumby, Inc. ('Cumby') entered into a written agreement (the 'Princeton Contract')" for construction work to be performed in Princeton, New Jersey (the "Princeton Project"). *Id*. ¶ 16. "At Cohen's request, on or about October 26, 2018, Platte River, as a surety, issued a Performance Bond and a Payment Bond . . . (collectively, the 'Princeton Bonds'), each in the Penal Sum of $3,508,849, in connection with the [Princeton Contract], on behalf of Cohen, as principal, and in favor of Cumby, as obligee." *Id*. ¶ 17. Pursuant to the Princeton Bonds, "Platte River agreed to become secondarily liable for the cost of performing the Princeton Contract should Cohen fail to do so, and to pay . . . for the cost of the labor and materials provided by Cohen in furtherance of performing the Princeton Contract should Cohen fail to pay such costs." *Id*. ¶ 18.

Platte River alleges that it "issued the Princeton Bonds in justifiable reliance upon the 2017 Financial Statement." *Id*. ¶ 20. Specifically, in deciding to "accept the risk of becoming surety for Cohen on the Princeton Bonds," Platte River considered "Cohen's solvency, profitability and financial capacity, as reflected in its 2017 Financial Statement." *Id*. ¶ 19. Additionally, JPMC's representation "that its audit was GAAS-compliant and its (qualified) opinion that Cohen's subject financial statement was GAAP-compliant[] were highly material to [this determination]." *Id*. However, "[u]nbeknownst to Platte River, Cohen's actual financial condition and performance were significantly and materially inferior to that which was represented by JPMC in the 2017 Financial Statement." *Id*. ¶ 21.

"On or about July 1, 2019, JPMC issued a written Independent Auditor's Report together with, and with respect to, Cohen's financial statement and related schedules for the [years 2017 and 2018] (collectively, the '2018 Financial Statement')." *Id*. ¶ 24. "The 2018 Financial

Statement disclosed that Cohen's 'significant operating losses raise substantial doubt about [Cohen's] ability to continue as a going concern.'" *Id.* ¶ 25. The 2018 Financial Statement further stated that "[t]here was a failure to adequately monitor the progress of certain contracts and the gross profit estimates were significantly reduced in 2018. Therefore, losses were recognized on several contracts during 2018. As a result of these losses, the Company has negative stockholders' equity and current liabilities exceed current assets." *Id.* ¶ 26.

At a meeting on July 15, 2019, one of Cohen's owners told a Platte River representative that "prior to the 2018 Financial Statement, JPMC had uncritically accepted internal figures provided to JPMC by a former employee of Cohen, and that JPMC had reproduced those figures in Cohen's audited financial statements [including the 2017 Financial Statement] without performing the level of testing and procedures that one would expect in a full audit." *Id.* ¶ 27. "Cohen further expressed that [it] had suspected problems with its financial reporting for approximately two years, and that had JPMC performed a proper audit, Cohen believed that the issues described in . . . the 2018 Financial Statement would have been caught and corrected earlier." *Id.*

### C. The Present Action

"By letter dated November 22, 2019, (the 'Demand Letter'), Cumby notified Platte River that it had declared Cohen in default and terminated [the Princeton Contract]." *Id.* ¶ 30. Cumby demanded that Platte River "'promptly and at the Surety's expense take . . . action' to have the work completed." *Id.*

On July 10, 2020, Platte River filed a Complaint in this case, asserting a claim of negligent misrepresentation against JPMC. In support of this claim, Platte River alleges that, "in contrast to JPMC's representations in the 2017 Financial Statement, the information in Cohen's

4

financial statement and related schedules was not GAAP-compliant, and JPMC's audit thereof was not GAAS-compliant." *Id.* Additionally, Platte River relies on a draft financial statement and work in progress schedule ("WIP") for the period ending December 31, 2018, allegedly prepared by JPMC, which "reflected an approximate $10 million 'revenue adjustment' booked in 2018 due to 'WIP / % Completion errors' as compared to the 2017 Financial Statement." *Id.* ¶ 23. In light of these alleged misrepresentations, Platte River avers that "the 2017 Financial Statement was materially inaccurate and negligently prepared." *Id.* ¶ 22.

On September 14, 2020, JPMC filed a Motion to Dismiss (Document No. 4, filed September 14, 2020). Platte River responded on October 8, 2020 (Document No. 11, filed October 8, 2020). JPMC replied on October 29, 2020 (Document No. 13, filed October 29, 2020). The Motion is thus ripe for decision.

**III.   LEGAL STANDARD**

The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. *Liou v. Le Reve Rittenhouse Spa, LLC*, No. CV 18-5279, 2019 WL 1405846, at *2 (E.D. Pa. Mar. 28, 2019) (DuBois, J.). To survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In assessing the plausibility of a plaintiff's claims, a district court first identifies those allegations that constitute nothing more than mere "legal conclusions" or "naked assertion[s]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 564 (2007). Such allegations are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The Court then assesses "the 'nub' of the plaintiff['s] complaint—the well-

pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.* at 680.

**IV.   DISCUSSION**

To state a negligent misrepresentation claim, a plaintiff must allege (1) a misrepresentation of a material fact (2) made under circumstances in which the defendant ought to have known its falsity (3) with an intent to induce another to act on it (4) which results in injury to a party acting in justifiable reliance on the misrepresentation. *Bortz v. Noon*, 729 A.2d 555, 561 (Pa.1999) (citing Restatement (Second) of Torts § 552).[1]  In its Motion, JPMC contends that Platte River fails to properly allege elements (1), (3) and (4).  Specifically, JPMC asserts that Platte River fails to state a negligent misrepresentation claim because it: does not identify any material misrepresentation upon which it relied to its detriment; does not sufficiently allege that JPMC intended that Platte River rely upon the 2017 Financial Statement; and does not properly allege damages.  The Court evaluates each of these arguments in turn and determines that Platte River has stated a negligent misrepresentation claim.

**A.  Misrepresentation of a Material Fact**

JPMC first contends that Platte River fails to state a negligent misrepresentation claim because the Complaint does not state "what, if anything, was contained in the 2017 report that was materially inaccurate." Mot. Dismiss, 6.  JPMC relies on *Vullings v. Bryant Heating & Cooling Sys*. in characterizing Platte River's allegations as too vague to survive a motion to dismiss.  No. CV 18-3317, 2019 WL 687881 (E.D. Pa. Feb. 19, 2019).  However, Platte River's allegations in this case are much more specific than the plaintiff's allegations in *Vullings*.

---

[1] The Supreme Court of Pennsylvania adopted the Restatement (Second) of Torts § 552 in *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454 (2005).

6

In *Vullings* the plaintiff's negligent misrepresentation claim was based only on "Defendants' deceptive and/or misleading representations and/or omissions regarding the presence of adequate control boards in the System" and "many numerous affirmative representations about the quality of the Systems." *Id*. at *6.  Determining that "plaintiff [did] not point to specific representations," the *Vullings* court dismissed the plaintiff's claim.  *Id*.  In this case, however, Platte River identifies several specific misrepresentations made by JPMC.  Most significantly, Platte River alleges that "the 2017 Financial Statement overstated the value of Cohen's contracts by $10 million due to 'WIP / % Completion errors.'"  Pl.'s Brief Opp., 15; *see also* Compl. ¶ 23.  Additionally, Platte River claims that JPMC represented "that Cohen's financial statement and the schedules thereto (i) fairly-presented Cohen's financial condition and performance, (ii) were GAAP-compliant, and (iii) had been audited pursuant to GAAS." Compl. ¶ 34.  Platte River asserts that these "representations by JPMC were materially false." *Id*. ¶ 35.

Platte River identifies in the Complaint several specific representations made by JPMC in the 2017 Financial Statement which it alleges were material and false.  The Court thus concludes that Platte River has sufficiently alleged the first element of its negligent misrepresentation claim.

### B.  With an Intent to Induce Another to Act

JPMC next asserts that because Platte River fails to allege that JPMC knew that it would rely on the 2017 Financial Statement, Platte River "is not among the persons that can bring [a negligent misrepresentation] claim." Mot. Dismiss, 4.  JPMC contends that to state a negligent misrepresentation claim a plaintiff must allege that the maker of the misrepresentation had actual knowledge that the plaintiff would rely upon it.  According to JPMC, § 552 of the Restatement (Second) of Torts requires that Platte River allege that JPMC's actual knowledge resulted from

7

Cohen informing JPMC of its intent to distribute the 2017 Financial Statement to Platte River. Reply, 2.  The Court rejects this unduly restrictive interpretation.

Rather than imposing an actual knowledge requirement, in construing § 552 Pennsylvania courts apply a "foreseeability requirement, thereby reasonably restricting the class of potential plaintiffs."  *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 479 (2005).  Citing the development of Pennsylvania caselaw and "the tenor of modern business practices," the *Bilt-Rite* court explained why § 552 protects foreseeable plaintiffs:

> Oftentimes, the party ultimately relying upon the specialized expertise has no direct contractual relationship with the expert supplier of information, and therefore, no contractual recourse if the supplier negligently misrepresents the information to another in privity. And yet, the supplier of the information is well aware that this third party exists (even if the supplier is unaware of his specific identity) and well knows that the information it has provided was to be relied upon by that party. Section 552 is not radical or revolutionary; reflecting modern business realities, it merely recognizes that it is reasonable to hold such professionals to a traditional duty of care for foreseeable harm.

*Id.* at 479-80.

In this case, Platte River has alleged not just foreseeability but actual knowledge.  First, Platte River avers that "JPMC was and remains in the business of providing professional accounting services for . . . construction contractors and specialty contractors" and "was and remains actually aware, and intends, that the 'Independent Auditor's Reports' prepared by it for its contractor clients (including Cohen) will be shared by them with their bonding companies . . . ." Compl. ¶¶ 6, 8.  Additionally, Platte River alleges that JPMC had actual knowledge by stating that "JPMC provided Cohen with the subject 2017 Financial Statement with the knowledge and intention that Cohen would provide it to Cohen's sureties, including Platte River, which in turn would justifiably rely upon it in evaluating and approving Cohen's requests for surety bonds and surety credit."  *Id*. ¶ 15.

Platte River sufficiently alleges that JPMC not only foresaw, but in fact knew, that Platte River would rely on the 2017 Financial Statement. The Court thus concludes that Platte River has properly pled the second element of its negligent misrepresentation claim.

**C. Damages**

Finally, JPMC asserts that Platte River's alleged harm in this case is "theoretical" and that it has therefore failed to sufficiently allege damages. Mot. Dismiss., 8. The Court recognizes that whether Platte River's obligations under the Princeton Bonds have been triggered is a disputed issue that is currently pending before another court. *M. Cohen v. Platte River*, No. CV 20-2149 (D.N.J., filed Feb. 27, 2020). However, at this stage of the litigation in this Court, that issue does not moot the question of whether Platte River has properly alleged damages.

In the Complaint, Platte River states that it "is incurring significant expenses, including attorney's fees, in attempting to mitigate and recover for its losses in connection with the Princeton Bonds." Compl. ¶ 31. Specifically, Platte River claims, "[w]hile Platte River's losses are ongoing, [its] anticipated net loss in connection with the Princeton Bonds substantially exceeds $75,000." *Id*. ¶ 32. Additionally, Platte River attaches to its Response a copy of a written tender and release agreement, dated July 9, 2020, "pursuant to which Platte River agreed to pay Cumby the sum of $3,400,000 in resolution of a claim under the [Princeton] Bond[s]." Pl.'s Brief Opp., Ex. B. Although the litigation pending in the District of New Jersey raises questions as to the enforceability of this agreement, it does not render Platte River's damages in this suit "theoretical."

Based on the foregoing allegations, Platte River has sufficiently alleged that it suffered an injury as a result of its reliance on misinformation in the 2017 Financial Statement prepared by JPMC.

## V. CONCLUSION

The Court concludes that Platte River's allegations in the Complaint address all of the issues required in asserting a misrepresentation claim under § 552 of the Restatement (Second) of Torts. The Court thus denies Defendant's Motion to Dismiss. An appropriate order follows.